IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| REDONDO CONSTRUCTION CORPORATION, | : | Case No. 02-02887 (ESL) |
| | : | |
| Debtor | : | Chapter 11 |
| _____ | : | |
| | : | |
| REDONDO CONSTRUCTION CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. No. 03-0192 |
| | : | Adv. No. 03-0194 |
| PUERTO RICO HIGHWAY AND | : | Adv. No. 03-0195 |
| TRANSPORTATION AUTHORITY, | : | **FILED & ENTERED** |
| | : | |
| Defendant | : | FEB 1 2 2010 |
| _____ | : | |

U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

DECISION AND ORDER

This matter is before the Court upon motions by the debtor, Redondo Construction Corp. ("RCC"), to amend the Court's Decision and Order of August 31, 2009, in Adv. No. 03-0192, and motions by the Puerto Rico Highway and Transportation Authority ("PRHA") to amend or alter the judgments of the Court entered on August 31, 2009, or for a new trial. For the reasons set forth below, RCC's motion will be granted, in part, and the motions of PRHA will be denied.

BACKGROUND

RCC filed the captioned adversary proceedings claiming amounts due for construction work performed in three projects: AC-005317 ("Desvío Sur de Patillas"), Adversary No. 03-0192; AC-20009 ("PR 2

Mayagüez"), Adversary No. 03-0194; and AC-01657 ("Dorado-Toa Alta"), Adversary No. 03-0195. After significant discovery by the parties, a ten day trial was held before the Honorable Gerardo A. Carlo. During the trial, RCC offered extensive documentary evidence and numerous witnesses, as detailed in Judge Carlo's Decision and Order of August 31, 2009. Although PRHA had announced various witnesses, it only offered two and since RCC had deposed other witnesses renounced by PRHA, RCC offered into evidence partial transcripts of three of these witnesses.

After the trial concluded, the parties filed post-trial memoranda. Thereafter, on August 31, 2009, Judge Carlo issued a Decision and Order concluding that in Adv. 03-0192, PRHA was liable to RCC in the amount of $713,338.03, plus prejudgment interest at 6.5% from February 27, 2007. In Adv. 03-194, Judge Carlo concluded that PRHA was liable to RCC in the amount of $10,402,099.66, plus prejudgment interest at 6.5% from June 30, 1996. And in Adv. 03-0195, Judge Carlo found that RCC was entitled to $912,874.23, plus prejudgment interest at 6.5% from October 26, 1995.

In RCC's amended motion for amendment of the Decision and Order in Adv. No. 03-0192 and Judgment *Nunc Pro Tunc*, RCC contends that the Court erred in allowing interest only from February 27, 2007, rather than from February 27, 1995, when the project was officially accepted. RCC states that the determination of the date as to which the interest was allowed was a clerical error as to the

year.  RCC also indicates that in the body of the Decision and Order, the Court awarded RCC $643,545.77, not the $713,338.03 claimed in the complaint, resulting from the Court's deduction of 89 calendar days from the 471 claimed by RCC for delay. Thereafter, in the actual order, the Court included the amount claimed, $713,338.03, rather than the amount determined by the Court, $643,545.77.

PRHA filed a reply to RCC's motion for amendment of the Decision and Order, contending that prejudgment interest is not allowable and that if allowable, it is allowable at a lower rate. PRHA agrees that there is a clerical mistake as to the amount, but argues that the amount that RCC would be entitled to with the deduction of the 89 days of office overhead and job overhead, would be $564,188.61 or $541,474.24 (both numbers are stated). RCC filed a sur-reply.

In PRHA's motion to amend or alter judgment or for a new trial, PRHA contends that the Court failed to discuss and apply the legal requirements for each of RCC's causes of action, that the evidence presented at trial did not support the judgments, that the contracts between the parties do not allow the remedies sought by RCC and that prejudgment interest should not be allowed since it was not contemplated as a remedy. RCC's reply restates most of the findings and conclusions in Judge Carlo's Decision and Order of August 31, 2009, and addresses prejudgment interest.

DISCUSSION

With respect to RCC's motion for amendment of the Decision and Order in Adv. 03-0192, RCC properly acknowledges that Judge Carlo awarded RCC $643,545.77, not the $713,338.03 claimed in the complaint, resulting from the Court's deduction of 89 calendar days from the 471 claimed by RCC for delay.  Thereafter, in the actual order, the Court included the amount claimed, $713,338.03, rather than the amount determined by the Court, $643,545.77.  This Court agrees that this is a clerical mistake, which may be corrected pursuant to Fed. R. Civ. P. 60, made applicable by Fed. R. Bankr. P. 9024.

This Court is at a loss as to PRHA's argument that the amount should be some other quantity entirely, since these were the exact calculations made by PRHA in its post-trial brief, which Judge Carlo accepted.  See dkt. #144 at p. 28.  PRHA argued that under a best case scenario, RCC would be entitled to extended and main office overhead costs for 382 calendar days, not for the 471 claimed, reducing its compensation from $335,771.79, for office overhead, and $359,864.49 for job overhead, for a total of $695,635.68, minus a credit for $81,218.53, to $632,187.87, minus the credit.  The Court notes that the actual claim for office overhead was $335,770.89, which was a $.90 difference. Nonetheless, Judge Carlo allowed the $632,187.87, less the credit of $81,218.53, plus $34,072.27 for the under-run of the piles and

joints, for a total of $585,041.61, plus 10% profit of $58,504.16, for a total of $643,545.77, which the judgment will be amended to reflect.

This Court can not conclude that the award of interest to RCC using the date of February 27, 2007 was a clerical mistake. RCC suggested many different dates for the calculation of interest. In the body of the complaint, RCC sought interest beginning on May 27, 1994. In the prayer, RCC sought interest from December 1, 1994. The substantial completion date was March 18, 1994 and the claim was submitted on February 21, 1995. In the post-trial memorandum, RCC twice requested interest beginning on February 27, 2007. See dkt. #145 at pp. 27-28. RCC's gave various dates for the commencement of prejudgment interest and the Court used the dates stated in the post-trial brief, notwithstanding that the date used is more than a decade later than project completion.

PRHA seeks to alter or amend the Decision and Order pursuant to Federal Rule of Bankruptcy Procedure 9023, which makes Federal Rule of Civil Procedure 59 applicable. This Rule states that "[a]ny motion to alter or amend a judgment must be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). In seeking reconsideration under Federal Rule of Civil Procedure 59(e), "the moving party must 'either clearly establish a manifest error of law or must present newly discovered evidence.'" Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n. 2 (1st Cir.

2005)(*quoting* <u>Pomerleau v. W. Springfield Pub. Sch.</u>, 362 F.3d 143, 146 n. 2 (1st Cir. 2004)). In <u>Marie</u>, the First Circuit also cited a leading treatise, noting four grounds for granting a motion for reconsideration under Federal Rule of Civil Procedure 59(e). These are "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law." <u>Marie v. Allied Home Mortgage Corp.</u>, 402 F.3d at 7 n. 2 (citing 11 C. Wright et al., *Federal Practice & Procedure* § 2810.1 (2d ed.1995)). Motions under Fed. R. Civ. P. 59 are not to be used by a losing party who failed to raise available arguments or who simply disagrees with a court's decision. <u>In re Kellogg</u>, 197 F.3d 1116 (11th Cir. 1999).

Reconsideration of a judgment under Rule 59 is an extraordinary remedy that is used sparingly and only when the need for justice outweighs the interests advanced by a final judgment. It is directed at allowing a court to correct it own errors. <u>White v. New Hampshire Dept. Of Employment Security</u>, 455 U.S. 445, 450 (1982). Moreover, it is well settled that Rule 59(e) does not exist to give parties a second chance to prevail on the merits generally. Rule 59(e) is not to be used to reassert arguments, theories and evidence previously rejected by a court. Nor may it be used to raise arguments, theories or defenses that they could have raised prior to judgment but did not. The rule is "aimed at reconsideration, not initial consideration." <u>Harley-Davidson Motor</u>

Co., Inc. v. Bank of New England, 897 F.2d 611, 616 (1st Cir. 1990). See also, Bogosian v. Woloohojian Realty Corp., 323 F.3d 55, 72 (1st Cir. 2003)(Rule 59(e) motion not appropriate to present new issues or evidence or raise arguments which could, and should have been made before judgment issued); Nat'l Metal Finishing Co. v. Barclays American/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1999)(Rule 59(e) does not allow losing party to rehash old arguments, previously considered and rejected).

In the present case, for the most part, PRHA disagrees with Judge Carlo's decision and proposes to raise arguments and defenses not raised at trial and thus waived. PRHA argues that the Court erred in awarding prejudgment interest since it was not contemplated in the contracts, nor is it allowable by law. PRHA also contends that there was no legal support for allowing inefficiency and extended overhead for differing site conditions or disruption delays.

With respect to prejudgment interest, PRHA argues that interest can only be allowed on liquidated claims or claims for which the costs are readily ascertainable by mathematical computation or with reference to established standards of value that have been codified. The amount of the claim must be capable of being computed with reasonable certainty from cost records of the contractor and PRHA alleges that the amounts claimed by RCC are not mathematically nor reasonably precise. PRHA also discusses the

7

Laws of Puerto Rico, which allow for prejudgment interest due to temerity or contumacious behavior and the legal interest rate established by the Puerto Rico Office of the Commissioner of Financial Institutions, which varied between 5% and 6% during the years in question.

Suffice it to say, that these are new arguments being raised for the first time in a motion to alter or amend judgment. Nonetheless, Judge Carlo determined that RCC established its claims against PRHA to an amount certain and the allowance of interest is based on contractual provisions. RCC indicated that it used a 6.5% rate because the three projects have federal funds under the Federal Acquisition Regulations, specifically Section 33.02 of the Contract Disputes Act of 1978, as amended, 41 U.S.C. §§ 601-613. The Blue Book, Exhibit 53, at ¶ 107.05, states that when the United States Government participates in the cost of the work covered by the contract, the work shall be under the supervision of the PRHA, but subject to the inspection of the appropriate federal agency and in accordance with applicable federal statutes, rules and regulations. (Tr. Of 2/27/07, pp. 1451-1457). Thus, RCC used the federal rate, which was not disputed by PRHA until now.

This Court agrees that the contracts partially constitute the law between the parties. And Judge Carlo found that the change orders did not compensate RCC for the increase in overhead as a result of the delays. PRHA argues that RCC did not give the proper

notifications required under the contracts to seek delay damages. Judge Carlo concluded, however, that RCC brought all problems to the attention of PRHA as the construction went along. PRHA was informed through their resident engineers, who were present and involved in the projects and aware of the problems. The change orders and extra work order, related to differing site conditions, are evidence of PRHA's knowledge of the conditions. These orders were all prepared, authorized and issued by PRHA. As argued by RCC, this Court accepts that RCC was not in a position to quantify the claims for extended overhead or inefficiency at the time of issuance of the individual change orders or extra work orders. Judge Carlo accepted RCC's testimony that the policy of PRHA's executive director was to deal with the claims for extended overhead at the conclusion of the contracts and that PRHA's officers represented that this would be dealt with at another time, at another level, and RCC relied on these representations and continued working. PRHA does not make reference to any evidence presented by it to counter RCC's proven facts. It appears that this defense as to notification was not raised until after trial.

PRHA addressed each of the three contracts separately. In each, Judge Carlo found that due to problems encountered by RCC, RCC was given extra time to complete the same, but was not compensated financially for the costs incurred due to inefficiency and extended overhead, resulting from differing site conditions and

disruption. PRHA provided the information on all of the projects and Judge Carlo found that RCC proved that the physical conditions at the project sites differed from the conditions ordinarily encountered and generally recognized as inherent in the work; object of the contracts. RCC also proved to Judge Carlo's satisfaction that the conditions differed materially from that implied from the language of the contract documents and that the conditions existed prior to contract formation, were unknown and unusual.

With respect to Dorado-Toa Alta, PRHA contends that the Court erred in making an equitable adjustment and granting overhead due to delay caused by differing site conditions. PRHA stresses that there was no evidence that the conditions existed prior to execution of the contract and offers that the conditions could have changed after the contract was executed. However, the work commenced on the project on October 4, 1993, shortly after the notice to proceed was issued on September 23, 1993. The differing site condition, and the water problem became apparent in July of 1994. This Court finds it disingenuous for PRHA to now argue that the condition could have arisen or come about in the short period of time after contract formation. As PRHA states, Judge Carlo relied on the testimony of RCC's field personnel; testimony which the Court found credible. Moreover, Judge Carlo already considered and rejected this argument in the Decision and Order of August 31,

2009.  And as discussed above, a motion for reconsideration is not the proper vehicle for rehashing arguments that were already considered and rejected.

PRHA also argues that there was no showing of the causal link between the differing site condition event and how RCC's productivity deteriorated and there was no proper computation of the productivity losses.  However, the record shows that RCC presented evidence and calculations as to lost productivity, which PRHA apparently failed to rebut at trial.  PRHA now, by way of argument, is seeking to refute RCC's calculations.  This argument is late.

With respect to the Desvio Sur de Patillas project, PRHA alleges that the Court should not have allowed the entire claim. It indicates that the Court erred in allowing RCC's claim for $713,338.03 for the time period from March 18, 1994 to July 1994, since the project was substantially completed on March 18, 1994. PRHA notes that this is a time difference of eighty-nine days, which it indicates the Court failed to deduct.  This is the project, which this Court discussed above.  The Decision and Judgment will be amended to reflect that the Court awarded $643,545.77.

PRHA also argues that the delay should have been apportioned and that the claimed delay could not have been assigned entirely to either party.  But, this Court's review of the record has not

revealed any evidence presented by PRHA to support the apportioning of the claim. Nor has this Court found evidence of RCC's concurrent delay or inadequate performance.

With respect to Mayaguez, RCC made claims for inefficiency, equitable adjustment for extra work orders due to inefficiency, extra work, extended overhead, subcontractor's claims, profit, interest and telephone. PRHA alleges that there were no findings regarding the adequacy of RCC's assertion of the claims on behalf of subcontractors and that 940 days must be eliminated from the award. PRHA also argues that there is no privity of contract between subcontractors and owner and thus, the prime contractor (RCC) must pass through the subcontractors claims to the owner (PRHA), which is exactly what RCC did. But, PRHA also argues that their was no liquidation agreement with the subcontractors presented into evidence, nor evidence of RCC's liability.

Judge Carlo concluded that RCC adequately documented the claims of the subcontractors and that there was no question as to RCC's liability to Lord and Remodelco. The record shows that Lord participated in weekly meetings and that PRHA was well aware of RCC's intention to present a formal claim on behalf of the subcontractors upon the conclusion of Lord's electrical work.

PRHA contends that the Court did not adequately differentiate between delay and disruption damages, confusing the two. But, Judge Carlo concluded that RCC's damages were related to both delay

12

and disruption.  Judge Carlo found that actual disruption occurred, which exceeded a normal range reasonably foreseeable at the time that the contract was executed.

PRHA states that the measure for abnormal disruption is the difference between actual productivity and expected productivity, caused solely by events within the control of the other party.  RCC was required to establish a reasonable estimate of damages, but the estimate must be validated.  PRHA argues that there was no evidence of causation to prove the impact claim.  Judge Carlo heard the evidence and accepted the testimony of the owner and employees of the company, which he concluded established a reasonable estimate of damages.

In sum, PRHA has failed to show manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, or an intervening change in controlling law.  PRHA is largely reasserting arguments and theories previously rejected by Judge Carlo and attempting, at this belated date, to raise new issues and defenses that it could have raised prior to judgment but did not.

13

ORDER

WHEREFORE IT IS ORDERED that in Adv. 03-0192, the Puerto Rico Highway and Transportation Authority is liable to Redondo Construction Corporation in the amount of $643,545.77, with prejudgment interest at 6.5% from February 27, 2007.

IT IS FURTHER ORDERED that the motions by the Puerto Rico Highway and Transportation Authority to alter or amend the judgments of the Court entered on August 31, 2009, or for a new trial shall be, and they hereby are, DENIED.

SO ORDERED.

San Juan, Puerto Rico, this 11th day of February, 2010.

BY THE COURT:

_____
ENRIQUE S. LAMOUTTE
Chief U.S. Bankruptcy Judge

14