IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:                                    :
                                          :
REDONDO CONSTRUCTION CORPORATION,         :     Case No. 02-02887 (ESL)
                                          :
          Debtor                          :     Chapter 11
                                          :
_____       :
                                          :
REDONDO CONSTRUCTION CORPORATION,         :
                                          :
          Plaintiff,                      :
                                          :
          v.                              :     Adv. No. 03-0192
                                          :     Adv. No. 03-0194
PUERTO RICO HIGHWAY AND                   :     Adv. No. 03-0195
TRANSPORTATION AUTHORITY,                 :
                                          :
          Defendant                       :
_____       :

FILED & ENTERED

MAR 3 1 2010

U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

DECISION AND ORDER

On March 4, 2010, the Puerto Rico Highway and Transportation Authority ("PRHTA") filed appeals to the United States District Court for the District of Puerto Rico of judgments entered against it in these three adversary proceedings in the amounts of $643,545.77, $10,402,099.66 and $912,874.23, respectively. On March 5, 2010, the debtor, Redondo Construction Corp. ("Redondo"), filed motions requesting execution of the judgments and on March 19, 2010, PRHTA filed motions for stay of execution. PRHTA's primary basis for requesting stay pending appeal is that denial of the stay could result in the total loss of the property/money at issue, if the Court's awards are reversed on appeal, since the funds would go to Redondo's litigation trust for disbursement to creditors of Redondo. PRHTA seeks to maintain the status quo pending resolution of its

appeals.

A motion for stay pending appeal is filed pursuant to Federal Rule of Bankruptcy Procedure 8005.  Allowance of a motion for stay pending appeal of a judgment is discretionary.  Courts consider the traditional four-part standard applicable to preliminary injunctions.  See Acevedo-Garcia v. Vera-Monroig, 296 F.3d 13, 16 (1st Cir. 2002).  The Court must consider "(1) whether the applicant has made a strong showing of success on the merits; (2) whether the applicant will be irreparably harmed absent injunctive relief; (3) whether issuance of the stay will injure other parties; and (4) where the public interest lies."  Id. at 16 n. 3.  "'The sine qua non [of the stay pending appeal standard] is whether the [movants] are likely to succeed on the merits.'"  Id. at 16 (quoting Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993)).  However, the degree of likelihood of success is not determinative as it must be balanced with the hardships caused to the parties if the injunction is not granted.  If plaintiff's showing of probable success on the merits is uncertain, he may be entitled to a preliminary injunction if he demonstrates a strong probability that he will be injured if the court fails to act. 11A Federal Practice and Procedure, Civ., § 2948.3 (2d Ed. 2009).  To establish irreparable harm the movant does not need to show that the injunctive relief will be fatal to the business, only that its legal remedies are inadequate.  Ross-Simons of Warwick, Inc. v.

<u>Baccarat, Inc.</u>, 102 F.3d 12, 15 (1st Cir. 1996). "If the plaintiff suffers a substantial injury that is not accurately measurable or adequately compensable by money damages, irreparable harm is a natural sequel." <u>Id.</u>

The Court concludes that PRHTA has some likelihood of prevailing on the merits of the appeals or in having the judgments reduced. The Court notes that the judgments were issued by the Honorable Gerardo Carlo after a ten day trial, in which extensive documentary evidence was offered and numerous witnesses testified. Moreover, this court cannot conclude that PRHTA would have an adequate remedy of legal damages if the funds are dissipated through the litigation trust, since Redondo is not solvent. The court likewise cannot conclude that Redondo will be harmed by the issuance of the stay, except by the further delay inherent in the appeals process. While there is a public interest favoring Redondo's ultimate collection of the amounts owed, the public interest would not lie in distributing the funds to Redondo's creditors, absent resolution of the appeals. Accordingly, the court will grant the motions for stay pending appeal to maintain the status quo pending their resolution.

ORDER

Wherefore IT IS ORDERED that the motions for stay of execution of judgment, filed by the Puerto Rico Highway and Transportation Authority, shall be, and are hereby GRANTED.

SO ORDERED.

San Juan, Puerto Rico, this 30th day of March, 2010.

BY THE COURT:

ENRIQUE S. LAMOUTTE
U.S. Bankruptcy Judge